IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


UNITED STATES OF AMERICA

VS.                                               CRIMINAL NO.  3:12cr141 KS-FKB

SPENCER P. COPELAND


## ORDER


This cause is before the Court on Motion to Sever Defendant [51], Motion for Disclosure

of Expert Witness Summaries, Etc. [52], Motion for Disclosure of Promises, Etc. [53] and

Motion for Joinder with Other Defendants' Motions [64] filed by defendant Spencer P. Copeland

herein.  The Court has considered the pending motions and finds as follows, to-wit:

The only remaining defendant in this case is Spencer P. Copeland and therefore the

Motion to Sever Defendant [51] is moot.

The Assistant United States Attorney has stated that there are no expert witnesses to be

called in the trial of this case therefore the Motion for Disclosure of Expert Witnesses [52] is

moot.

The Assistant United States Attorney has stated that the defendant Spencer P. Copeland

has been provided the details of the Plea Agreements and that there is nothing further to disclose

regarding promises, etc., and therefore the Motion for Disclosure of Promises, Etc. [53] is moot.

The Motion for Joinder [64] is granted in part and denied in part.  The Joinder of

defendant Spencer P. Copeland herein in the Motions filed by other defendants are as follows:

Document [54] is a Motion for Bill of Particulars filed by former defendant H. Claiborne

Frazier.  By virtue of the Joinder, Spencer P. Copeland joins in this Motion for Bill of

Particulars.  The Court has reviewed the Motion for Bill of Particulars [54] and finds that the

Motion applies to Count I of the Indictment which does not pertain to Spencer P. Copeland.

Defendant herein is only indicted on Count II and therefore this Motion is moot.  In addition, the

Court has reviewed the government's response to the Motion and the Motion as well as the

Indictment and other documents herein.  The Court finds that the Indictment comports with the

requirements of Fed.R.Crim.P. 7 and with existing federal law regarding the constitutional

sufficiency of the Indictment and the adequate notice to the defendant.  Additionally, the

government has furnished significant discovery pursuant to this Court's Discovery Order [14].

This Court has reviewed the Indictment and finds that as this case now stands, it is a one-count

Indictment against one defendant.  The underlying offenses are clearly set forth in the Indictment

and the conspiracy charge is adequately explained in the Indictment and is certainly sufficient to

allow the defendant to prepare his defense, to avoid or minimize the danger of surprise and to

enable him to plead his acquittal or conviction *in bar* for the prosecution for the same offense.

The Indictment details the money trail which incorporates the overt acts in carrying out the

conspiracy, and this Court finds that the Motion herein, joined by defendant Spencer Copeland is

not well taken and should be denied.

The Motion for Disclosure of *Jencks* Materials [57] requests this Court to order an early

disclosure of *Jencks* material.  This Court notes that a Discovery Order [14] was entered in this

case which required the government to disclose five calendar days prior to the trial on the merits

"all statements of witnesses as defined in Rule 26.2, Fed.R.Crim.P.  and §3500(e) Title 18

United States Code, except that if the defendant has listed an expected government witness as an

expected witness, then the United States Attorney has no obligation to provide a statement of the

witness until just prior to direct examination of that witness by the United States in its case in chief." This Court finds that the request for the statements filed herein requesting early disclosure of *Jencks* material has not been shown to be necessary. The remaining count of this Indictment is a straightforward conspiracy to commit money laundering. The movant has shown no unusual circumstances to cause this Court to find that the standard Order of Disclosure should be deviated from. Additionally, both sides understand the obligation to furnish *Jencks* materials at the appropriate time, and this Court presumes that same will be accomplished.

NOW, THEREFORE, IT IS HEREBY ORDERED that the remaining Motions herein , [54] and [57] are denied. The remaining Motions including defendant Austin W. Frazier's Motions numbered [55], [56], [58], [59], [60] and [61] are moot.

SO ORDERED this the 1st day of October, 2013.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE